GEORGE J. TICHY, II, Bar No. 041146
MICHAEL HOFFMAN, Bar No. 162496
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone:   415.433.1940

Attorneys for Defendant
WILSONS LEATHER DIRECT, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WILSONS LEATHER DIRECT, INC.,<br><br>Defendant. | Case No. CIV S-04-1771 MCE KJM<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant WILSONS LEATHER DIRECT, INC. hereby answers the First Amended Complaint of Plaintiff by admitting, denying, and alleging as follows:

**JURISDICTION AND VENUE**

1.      Answering the allegations of paragraph 1, Defendant is unable to admit or deny the allegations that this Court has jurisdiction under the Civil Rights Act of 1964 and the statutes alleged in the First Amended Complaint because, as stated, these are conclusions of law or legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. To the extent said paragraph contains allegations of fact, Defendant denies each and every allegation contained therein.

2.      Answering the allegations of paragraph 2, Defendant is unable to admit or deny the allegations that this Court has jurisdiction within this judicial district because, as stated,

these are conclusions of law or legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. To the extent said paragraph contains allegations of fact, Defendant denies each and every allegation contained therein.

## INTRADISTRICT ASSIGNMENT

3. Answering the allegations of paragraph 3, Defendant is unable to admit or deny the allegations that assignment to Sacramento is proper because, as stated, these are conclusions of law or legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. To the extent said paragraph contains allegations of fact, Defendant denies each and every allegation contained therein.

## PARTIES

4. Defendant admits the allegations of paragraph 4.

5. Answering the allegations of paragraph 5, Defendant has been doing business in California and the City of Vacaville at all times relevant. The employer and proper Defendant is Rosedale Wilsons, Inc., a Minnesota corporation. Except as expressly admitted or alleged herein, Defendant denies each and every allegation of paragraph 5.

6. Answering the allegations of paragraph 6, Defendant admits that it is engaged in commerce or in an industry affecting commerce. Except as expressly admitted or alleged herein, Defendant denies each and every allegation of paragraph 6.

## STATEMENT OF CLAIMS

7. Answering the allegations of paragraph 7, Defendant is informed and believes that Charging Party Yashawn Pettigrew is an African-American female and filed charges of discrimination with Plaintiff alleging violations of Title VII by Defendant. Except as expressly admitted or alleged herein, Defendant denies the remaining allegations of said paragraph.

8. Answering the allegations of paragraph 8, Defendant is informed and believes that Charging Party Yashawn Pettigrew alleges that a manager engaged in repeated sexually and racially offensive commentary and conduct. Except as expressly admitted or alleged herein, Defendant denies the remaining allegations of said paragraph.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER    2.    Case No. CIV S-04-1771 MCE KJM

9. Answering the allegations of paragraph 9, Defendant denies each and every allegation contained therein.

10. Answering the allegations of paragraph 10, Defendant denies each and every allegation contained therein.

11. Answering the allegations of paragraph 11, Defendant denies each and every allegation contained therein.

12. Answering the allegations of paragraph 12, Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

13. The First Amended Complaint and each of its alleged causes of action fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

14. Defendant is informed and believes that the damages alleged in the First Amended Complaint were proximately caused by or contributed to by acts, or failures to act, of persons other than this answering Defendant, which acts or failures to act constitute an intervening and superseding cause of the damages and injuries alleged in the First Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE

15. Defendant is informed and believes that the claims in the First Amended Complaint are barred, in whole or in part, for failure to take reasonable and necessary steps to mitigate the alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

16. Defendant is informed and believes that Charging Party and the individuals referenced in and/or covered by the First Amended Complaint failed to exhaust all administrative remedies prior to filing suit.

### FIFTH AFFIRMATIVE DEFENSE

17. Defendant is informed and believes that the claims in the First Amended Complaint are barred, in whole or in part, by the doctrine of unjust enrichment.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER                                3.                        Case No. CIV S-04-1771 MCE KJM

### SIXTH AFFIRMATIVE DEFENSE

18. Defendant is informed and believes that the claims in the First Amended Complaint are barred, in whole or in part, by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

19. Defendant is informed and believes that the claims in the First Amended Complaint are barred, in whole or in part, by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

20. Defendant is informed and believes that the claims in the First Amended Complaint are barred, in whole or in part, by the doctrine of equitable estoppel.

### NINTH AFFIRMATIVE DEFENSE

21. Defendant is informed and believes that Plaintiff's claims are barred by the applicable statutes of limitation. This action is barred to the extent the First Amended Complaint seeks monetary relief for any allegedly unlawful employment practice or practices which occurred more than one year prior to the filing of a timely charge in which unlawful employment practices were presented on behalf of the person alleged to be aggrieved by said practice or practices.

### TENTH AFFIRMATIVE DEFENSE

22. In addition to the facts and circumstances known to Defendant at the time Charging Party resigned her employment, Defendant is informed and believes that she engaged in additional misconduct that would justify her discharge from the date said misconduct was discovered. She is not entitled to any damages from the date this information was discovered and cannot obtain a reinstatement of her prior job.

### ELEVENTH AFFIRMATIVE DEFENSE

23. Defendant alleges that the claims in the First Amended Complaint, or some of them, are barred by operation of the managerial immunity doctrine.

### TWELFTH AFFIRMATIVE DEFENSE

24. At all times relevant to the action, the conduct of Defendant was undertaken in the legitimate exercise of managerial discretion, based on legitimate, non-discriminatory and non-retaliatory reasons, and done at all times in good faith.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER   4.   Case No. CIV S-04-1771 MCE KJM

### THIRTEENTH AFFIRMATIVE DEFENSE

25. Defendant exercised reasonable care to prevent and correct any alleged discrimination, harassment, or retaliation, and Charging Party unreasonably failed to utilize preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.

### FOURTEENTH AFFIRMATIVE DEFENSE

26. Plaintiff is barred from recovery as Defendant has taken reasonable efforts to avoid and correct all instances of unlawful discrimination, harassment, and retaliation; Charging Party unreasonably failed to complain to Defendant about all incidents of discrimination, harassment, and retaliation prior to her resignation.

### FIFTEENTH AFFIRMATIVE DEFENSE

27. The First Amended Complaint is barred, in whole or in part, to the extent that Plaintiff seeks punitive damages because Defendant had suitable anti-discrimination and anti-harassment policies in effect at its facility at all times material to the allegations in the First Amended Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

28. The imposition of punitive damages, as interpreted through judicial authority, constitutes a denial of due process, procedural and/or substantive, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Defendant prays for judgment as follows:

1. That the First Amended Complaint be dismissed and that judgment be entered against Plaintiff and in favor of Defendant on all of Plaintiff's causes of action;

2. That Plaintiff be ordered to pay Defendant's costs and attorneys' fees; and

3. For such other and further relief as the Court deems just and proper.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER            5.            Case No. CIV S-04-1771 MCE KJM

1 | Dated: January 6, 2005

Respectfully submitted,

*[signature: Michael Hoffman]*
Michael Hoffman
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
WILSONS LEATHER DIRECT, INC.

San_Francisco:31213861.1 016497.1013

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER                                6.                          Case No. CIV S-04-1771 MCE KJM